IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRELL DEWAYNE LUCKY (BOP Register No. 44539-177), | § § § | |
| Movant, | § § | |
| V. | § | No. 3:16-cv-1900-B-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* collateral action under 28 U.S.C. § 2255 has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference from United States District Judge Jane J. Boyle. *See* Dkt. No. 3. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice pursuant to Federal Rules of Civil Procedure 41(b).

**Applicable Background**

On June 30, 2016, the Court recharacterized as a motion under Section 2255 Movant Darrell Dewayne Lucky's Motion to Appoint Counsel, filed in his closed criminal case, *see* Dkt. Nos. 2 & 3, as the Court determined that, in substance, the motion presents a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), a case in which the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's

guarantee of due process," *id.* at 2563, a decision the Supreme Court has made retroactively applicable, *see Welch v. United States*, 136 S. Ct. 1257 (2016).

Because Lucky did not indicate that he intended to file a Section 2255 motion, and because this appears to be Lucky's first such motion, this Court was required to give the warnings discussed by the Supreme Court in *Castro v. United States*, 540 U.S. 375, 383 (2003) (holding that a district court should not recharacterize a *pro se* post-conviction motion as a first Section 2255 motion absent notice and warning to the defendant as to the consequences of that recharacterization).

Therefore, pursuant to *Castro*, the Court advised Lucky, on July 6, 2016, that any Section 2255 motion that he files in the future will be subject to the restrictions imposed on second or successive motions. *See* Dkt. No. 4 (citing 28 U.S.C. § 2244(b)(3)(A); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)). Through the Court's July 6, 2016 order, Lucky was afforded the opportunity to withdraw the motion or amend the recharacterized motion so that it contains all of the grounds for relief that he believes he has available under Section 2255. *See id.* And he was ordered to taker either action no later than August 5, 2016. *See id.*

Lucky also was warned that his failure to take either action by that date could result in a recommendation that this action be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey orders of the Court.

As of today, it is more than three months past the deadline for Lucky to comply with the Court's order, and he has yet to do so or otherwise contact the Court.

**Legal Standards and Analysis**

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions

would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

Like all rules in the Federal Rules of Civil Procedure, Rule 41(b) generally applies to Section 2255 proceedings. *See* RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, Rule 12; *see, e.g. Brown v. United States*, Nos. A-11-CA-155 LY, (A-04-CR-268 LY), 2011 WL 1899790 (W.D. Tex. May 19, 2011) (dismissing motion the court recharacterized as one under Section 2255 after issuance of *Castro* warnings without prejudice under Rule 41(b), after noting that "[i]t is ... well established that '[a] district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order'" (quoting *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998))).

By neither withdrawing the motion the Court recharacterized as a Section 2255 motion nor filing an amended motion by the Court-imposed deadline, Lucky has prevented this action from proceeding, and he therefore has failed to prosecute his lawsuit and obey the Court's order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Lucky decides comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition

of pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court dismiss this action without prejudice pursuant to Federal Rules of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 17, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE